IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 3:13cr021-001 |
| v. | ) |
| DAWDA DRAMMEH, | ) |
| Defendant. | ) |

## STATEMENT OF FACTS

The parties stipulate that allegations contained in Count One of the indictment in this matter and the following facts are true and correct, and that had this matter gone to trial, the United States would have proven each of them beyond a reasonable doubt:

1. On or about April 15, 2012, in the Eastern District of Virginia and within the jurisdiction of this Court, defendant DAWDA DRAMMEH did knowingly, with intent to defraud, and in a manner affecting interstate commerce, possess fifteen or more counterfeit and unauthorized access devices, as those terms are defined in Title 18, United States Code, Section 1029(e), Subsections (1), (2), and (3).

2. On April 15, 2012, a Virginia State Trooper observed DRAMMEH drive a vehicle through a red light on Route 60 in Chesterfield County. During the ensuing traffic stop, DRAMMEH identified himself by the false name "Ebrima Barry." DRAMMEH was unable to produce a driver's license. The Trooper discovered that the vehicle DRAMMEH was driving bore expired West Virginia license plates and that DRAMMEH had used a false name to identify himself. The Trooper then placed DRAMMEH under arrest for providing false information to a law enforcement officer. A search incident to arrest yielded four or five gift cards from

1

DRAMMEH's wallet and $120.00 in cash. The Trooper asked DRAMMEH why he carried so many gift cards and DRAMMEH replied that he preferred using them to cash.

3. DRAMMEH was arrested at that time and charged in Chesterfield County General District Court with providing false information to a law enforcement officer, driving without a valid license, and misdemeanor identity theft. He was ultimately released on bond. An inventory search of the vehicle following DRAMMEH's arrest yielded sixty-four gift cards, a laptop computer, a magnetic card reader, and a small amount of marijuana. Forty-three of the gift cards found in the vehicle were encoded with stolen credit card information.

4. On October 5, 2012, DRAMMEH was driving northbound on I-95 in Prince William County with co-defendant Mohammed Nur riding in the front passenger seat of the vehicle. DRAMMEH lost control of the vehicle and struck a utility pole. DRAMMEH and Nur were both transported to Fairfax County Hospital and the wrecked vehicle was towed by the Virginia State Police, which obtained a warrant to search it. That search yielded five gift cards from the vehicle, one of which was encoded with stolen credit card information, and two more gift cards encoded with stolen credit card information in a pair of jeans recovered from the vehicle.

5. On October 6, 2012, DRAMMEH called a Special Agent of the Virginia State Police Agent to claim property recovered from the vehicle. In his conversation with the Agent, DRAMMEH stated that two pairs of jeans found in the vehicle belonged to him.

6. On October 19, 2012, at 3:44 am, DRAMMEH purchased men's clothing valued at $105.75 at a Walmart in Richmond using a stolen Discover credit card number.

7. On October 19, 2012, DRAMMEH appeared in Chesterfield County General District Court for trial on his traffic offenses. After DRAMMEH's trial, the Trooper arrested him on state felony warrants obtained for crimes arising from DRAMMEH's possession of the stolen

2

credit card numbers on April 15, 2012. A search incident to this arrest yielded two gift cards, both of which were encoded with stolen credit card numbers. One of these stolen credit card numbers was the Discover card number used to affect the purchase noted in Paragraph Six above. The Trooper then transported DRAMMEH to the Richmond Field Office of the United States Secret Service, where a Secret Service agent advised DRAMMEH of his *Miranda* rights, which he waived.

8. During the ensuing interview, DRAMMEH advised that he was a "middle-man" for a Baltimore-based organization that dealt in stolen credit card information. DRAMMEH related that this organization would sell an embossed credit card for $25.00 and a card number for $50.00. According to DRAMMEH, these card numbers would then be used to purchase consumer goods that would be returned to stores for refunds at a later time. DRAMMEH stated that the person who purchased the goods and individual who encoded the card with the stolen credit card information would split the proceeds from the scheme.

9. The cards in DRAMMEH's possession on April 15, 2012, were all issued by companies that do business in multiple states and foreign countries.

10. For the purpose of calculating DRAMMEH's sentencing range under the United States Sentencing Guidelines, the parties agree that at least 48 access devices or means of identification are attributable to him and that at $500.00 in intended loss per means of identification or access device, the total intended loss attributable to him is at least $24,000.00. *See* USSG § 2B1.1, Application Note 3(F)(i). The defendant acknowledges, however, that this agreement is not binding on the Court.

The actions taken by the defendant as described above were taken willfully, knowingly, and with the specific intent to violate the law. The defendant did not take those actions by

accident, mistake, or with the belief that they did not violate the law.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By: _____
Michael C. Moore
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between myself and the United States, I stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

4-02-13 _____
DAWDA DRAMMEH
Defendant

I am DAWDA DRAMMEH's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Nia A. Vidal, Esquire
Counsel for Defendant