IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:13cr021-001 |
| | Judge Hudson |
| v. | |
| DAWDA DRAMMEH, | |
| Defendant. | |

**GOVERNMENT'S MOTION FOR UPWARD VARIANCE OR DEPARTURE**

The United States of America, through its representatives, Neil H. MacBride, United States Attorney for the Eastern District of Virginia, and Assistant United States Attorney Michael C. Moore, moves for this Court to depart upward from the sentencing guidelines as currently calculated. In support of this motion, the government states as follows:

### I.     Statement of the Relevant Facts

The Pre-Sentence Report (PSR) prepared in this matter places defendant Dawda Drammeh Cunningham in Criminal History Category III. *See* PSR Wksht. C. However, a total of seven convictions for trademark infringement-related offenses are not included in calculating this criminal history because United States Sentencing Guideline § 4A1.1(c) caps his total exposure for offenses of that nature at four points. If those additional seven points were included, his point total would be 13, which would yield a criminal history category of VI. In fact, between August 2005 and February 2008 Drammeh was adjudicated guilty on ten offenses for which he received no criminal history points due in large part to the light punishment meted out. These offenses took place in rapid succession; often, no more than 2-3 months passed between offenses.

1

## II. Law and Argument

18 U.S.C. § 3553(a)(1) commands a sentencing court to take into account "the history and characteristics of the defendant," which includes criminal history. Similarly, an upward departure from the guidelines is appropriate when "reliable information indicates that the defendant's criminal history category under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes . . ." U.S.S.G. § 4A1.3(a)(1). *See also United States v. Rusher*, 966 F.2d 868, 881 (4th Cir. 1992), *cert. denied*, 506 U.S. 926 (1992). In analyzing a departure motion under the guidelines, the Court follows the analytical approach articulated in *United States v. Koon*, 518 U.S. 81 (1996) and applied in *United States v. Rybicki*, 96 F.3d 754, 757 (4th Cir. 1996). Under this approach, the Court must determine whether the particular factor under consideration is forbidden, encouraged, discouraged, or unmentioned as a basis for departure, a determination reviewed *de novo* using an abuse of discretion standard. *Id.* A forbidden factor never provides a proper basis for departure, but any other factor requires further analysis. *Id.* The Court analyzes any factor not expressly forbidden as follows:

> "Encouraged" factors . . . are usually appropriate bases for departure [but] may not be relied upon if already adequately taken into account by the applicable guideline, and that analysis involves interpreting the applicable guideline, which we review *de novo* to determine whether the district court abused its discretion. Conversely, "discouraged" factors . . . are "not ordinarily relevant", but may be relied upon as bases for departure "in exceptional cases", for example, where the factor is present to an exceptional degree or in some other way [that] makes the case different from the ordinary case where the factor is present" . . . Finally, although the Sentencing Commission expects departures based on "unmentioned" factors to be "highly infrequent", [they] may justify a departure when "the structure and theory of the Guidelines taken as a whole" indicate that they take a case out of the applicable guideline's heartland.

*Id.* (internal citations omitted). This analytical approach has survived the Supreme Court's

decision in *United States v. Booker*, 543 U.S. 220 (2005).

Inadequacy of criminal history because it under-represents the likelihood the defendant will commit future crimes is an "encouraged" factor as the Guidelines specifically mention it. *See* U.S.S.G. § 4A1.3. Moreover, the guideline range as currently calculated fails to account for the previous misconduct in which Drammeh has engaged. So an upward departure on this basis is well within the Court's discretion and is necessary to account for Drammeh's risk of recidivism. Drammeh's past conduct speaks volumes about the likelihood that he will commit crimes in the future. The circumstances surrounding that other criminal conduct, considered in their totality and in concert with the offense of conviction here and other offenses included in the criminal history calculations, mandate the conclusion that an upward departure is appropriate, as his current criminal history category understates the likelihood that he will commit more crimes. This Court must determine the appropriate extent of that departure by considering successively higher criminal history categories. *United States v. Cash*, 983 F.3d 558, 561 (4th Cir. 1992), *cert. denied*, 508 U.S. 924 (1993). Given the number of instances in which Drammeh engaged in other criminal conduct and the lengthy period of time over which that other criminal conduct occurred an adjustment of his criminal history category from III to IV would adequately account for the risk of recidivism here.

### III. **Conclusion**

For the reasons stated previously, the United States respectfully requests that this Court increase Drammeh's Criminal History Category from III to V, and adjust his guideline range accordingly.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By: /s/
Michael C. Moore
Assistant United States Attorney
Attorney for the United States
Virginia State Bar Number 34229
600 East Main Street, Suite 1800
Richmond, VA 23219-2447
Phone: (804) 819-5400
Telefax: (804) 771-2316
Mike.C.Moore@usdoj.gov

# **CERTIFICATE OF SERVICE**

I certify that on June 11, 2013, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel:

Nia A. Vidal, Esquire
Office of the Federal Public Defender
701 E Broad Street, Suite 3600
Richmond, VA 23219
(804) 565-0875
Fax: (804) 648-5033
nia_vidal@fd.org

                                                  /s/
                                      Michael C. Moore
                                      Assistant United States Attorney