IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:13cr021-001 |
| | Judge Hudson |
| v. | |
| DAWDA DRAMMEH, | |
| Defendant. | |

## GOVERNMENT'S SENTENCING POSITION

The United States of America, through its representatives, Neil H. MacBride, United States Attorney for the Eastern District of Virginia, and Assistant United States Attorney Michael C. Moore, states as follows with respect to the sentencing of defendant Stephen Michael Dunavant:

### I. Position with Respect to Sentencing Factors

The government has no objection to the factual content of the Pre-Sentence Investigation Report (P.S.R.). The defendant has communicated to the government his intention to withdraw a previously lodged objection to the loss calculations. *See* PSR Addendum at A-1. In light of this decision, the government agrees that Drammeh should be awarded a two-point reduction in his offense level for acceptance of responsibility pursuant to United States Sentencing Guideline (U.S.S.G.) Section 3E1.1(a). Furthermore, the government is filing a motion pursuant to U.S.S.G. § 3E1.1(b) requesting an additional point reduction in offense level for entering an early plea. Thus, the total offense should be thirteen, which, combined with a criminal history category of III, yields a range of 18-24 months. The government has previously filed a motion for upward variance or departure requesting that the Court increase his criminal history category to V because category III understates his risk of recidivism. *See* Doc. No. 38.

## II.     18 U.S.C. § 3553(a) Factors

In addition to the sentencing guidelines, the government requests that the Court consider the following factors set forth in 18 U.S.C. § 3553(a) while determining an appropriate sentence:

### A. Nature and Circumstances of the Offense (§ 3553(a)(1)), Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment (§ 3553(a)(2)(A)), and Need for Sentence to Afford Adequate Deterrence (§ 3553(a)(2)(B))

For the most part, the calculated guidelines reflect Drammeh's offense conduct.   P.S.R. ¶¶ 16-27.   Most significantly, the guidelines adequately account for the $58,500.00 in potential loss caused by Drammeh's fraud.   P.S.R. ¶ 27.   They adequately account for the number of victims and fact that the offense involved trafficking in unauthorized access devices.   P.S.R. Wksht A. There is certainly an argument to be made that the guidelines do not adequately reflect the disruption identity theft schemes such as Drammeh's cause individual and institutional victims. Indeed, that disruption is part of the reason Congress passed an Aggravated Identity Theft statute providing for a two-year mandatory sentence running consecutive to any other convictions.   *See* 18 U.S.C. § 1028A(a)(1).   The government did not seek that charge here for lack of proof that Drammeh had knowledge that the means of identification in his possession belonged to other persons.   *See United States v. Flores-Figueroa*, 556 U.S. 646 (2009).   A substantial sentence is needed to deter others who would consider similar activity.

### B. History and Characteristics of the Defendant (§ 3553(a)(1)) and Need for Sentence to Protect the Public from Further Crimes by the Defendant (§ 3553(a)(2)(C))

Drammeh's sad personal history, which is almost completely self-reported and uncorroborated, might provide considerable mitigation if he were before the Court for his first offense or if this were a relatively minor crime. P.S.R. ¶¶ 70-88, 94-98.   During his time in this

country Drammeh has failed to attain the minimal achievement of a high school diploma and has been largely unemployed. P.S.R. ¶¶ 105, 107-09. The employment he has held has not kept him from amassing a wide array of criminal charges in multiple jurisdictions over the past eight years, most of which have resulted in conviction. As the government noted in its upward departure motion, his risk of recidivism is high, particularly as he is only twenty-seven years old.

### C. Need for Defendant to Receive Vocational or Educational Training and Medical Treatment (§ 3553(a)(2)(D)), and the Need for Restitution (§ 3553(a)(7))

Any mental health problems from which Drammeh suffers can be adequately treated by the Bureau of Prisons. P.S.R. ¶¶ 94-101. He also should be able to obtain his G.E.D. while incarcerated. Because of the likelihood that Drammeh will be removed from the United States upon completion of his sentence, restitution should not be a major factor in this Court's sentencing decision.

### III. Conclusion

The government respectfully requests that this Court impose a sentence taking into account the factors noted in this pleading and its upward departure motion.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By: /s/
Michael C. Moore
Assistant United States Attorney
Virginia State Bar Number 34229
600 East Main Street, Suite 1800
Richmond, VA 23219-2447
Phone: (804) 819-5400
Telefax: (804) 771-2316
Mike.C.Moore@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on June 13, 2013, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Nia A. Vidal, Esquire
Office of the Federal Public Defender
701 E Broad Street, Suite 3600
Richmond, VA 23219
(804) 565-0875
Fax: (804) 648-5033
nia_vidal@fd.org

                                          /s/
                                     Michael C. Moore
                                     Assistant United States Attorney